Danny J. Horen, Esq.
NV Bar No. 13153
Kazerouni Law Group, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117
Telephone: (800) 400-6808x7
Facsimile: (800) 520-5523
danny@kazlg.com

David H. Krieger, Esq.
NV Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 130
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
dkrieger@hainesandkrieger.com

*Attorneys for Plaintiff*
Elizabeth McCain

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ELIZABETH MCCAIN, <br><br> Plaintiff, <br><br> v. <br><br> BANK OF AMERICA, N.A., and EQUIFAX INFORMATION SERVICES, LLC. <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.** <br><br> **JURY TRIAL DEMANDED** |

///

///

///

**COMPLAINT**

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. ELIZABETH MCCAIN ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of BANK OF AMERICA, N.A. ("Bank") and EQUIFAX INFORMATION SERVICES, LLC. ("Equifax") (or jointly as "Defendants") with regard to erroneous reports of derogatory and negative credit information made by Defendants to national reporting agencies, and for failure of Defendants to properly investigate, and this

**COMPLAINT**

conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in Nevada.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq.*; 28 U.S.C. §1331; *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011). Jurisdiction arises for Plaintiff's supplemental state claims under 28 U.S.C. § 1367.

**COMPLAINT**

9. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

10. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, the State of Nevada and Defendants are subject to personal jurisdiction in the County of Clark, State of Nevada as they conduct business there, and the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2). Further, Equifax has a registered agent of service in Nevada and is listed with the Nevada Secretary of State as a foreign limited liability company doing business in Nevada.

### PARTIES

11. Plaintiff is a natural person residing in the County of Clark, State of Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c). Defendants are corporations doing business in the State of Nevada.

12. Defendant Bank is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

13. Defendant Equifax is a national credit reporting agency, doing business in Nevada, with a principal place of business in Georgia.

**COMPLAINT**

## FACTUAL ALLEGATIONS

14. At all times relevant, Plaintiff was an individual residing within the State of Nevada.

15. At all times relevant, Defendants conducted business in the State of Nevada.

16. On or about January 12, 2007, Plaintiff allegedly incurred certain financial obligations, in the form of a loan (the "Loan") from Defendant Bank.

17. On or about November 23, 2009, Plaintiff filed for Bankruptcy in the United States Bankruptcy Court for the District of Nevada. Plaintiff's case was assigned Case Number 09-32048 (the "Bankruptcy").

18. The Loan was scheduled in the Bankruptcy and Defendant Bank received notice of the Bankruptcy.

19. On or about April 22, 2014, Plaintiff received a Bankruptcy discharge.

20. Defendant Bank did not file any proceedings to declare the Loan "non dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.

21. Defendant Bank also did not request relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq*. while the Plaintiff's Bankruptcy was pending.

22. Accordingly, the Loan was discharged through the Bankruptcy.

23. Further, while the automatic stay was in effect during the Bankruptcy, it was illegal for the Defendant Bank to report any post-Bankruptcy derogatory collection information.

COMPLAINT

24. Defendant Bank's attempt to collect upon the account by reporting post-Bankruptcy derogatory information was therefore false or inaccurate and prohibited by the automatic stay or Discharge.

25. Plaintiff subsequently learned that Defendant Bank reported post-Bankruptcy derogatory credit information regarding the Loan on Plaintiff's credit reports, thereby causing erroneous and negative credit information in Plaintiff's credit files.

### The Equifax Misreported Credit Information

26. On or about September 22, 2014, Plaintiff disputed Defendant Bank's reported information regarding the Loan pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Defendant Equifax, in writing, of the incorrect and inaccurate credit information furnished by Defendant Bank, in regards to Account No.: 15381*.

27. Specifically, Plaintiff sent a letter, certified, return receipt, to Defendant Equifax (the "Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

   • This account was discharged in my chapter 13 Bankruptcy which was filed on 11/23/2009 and discharged 4/22/2014, bearing docket No. 09-32048 in the District for Nevada. There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post-bankruptcy dates: 11/2010-04/2012 (6 - 180 or More Days Past Due).

**COMPLAINT**

- This account was discharged in my chapter 13 Bankruptcy which was filed on 11/23/2009 and discharged 4/22/2014, bearing docket No. 09-32048 in the District for Nevada. The balance on this account should be "$0" and the status should be reporting as "current". Specifically, you show Account Balances from Nov12 – Oct13.

- This account was included in my chapter 13 Bankruptcy which was filed on 11/23/2009 and discharged 4/22/2014, bearing docket No. 09-32048 in the District for Nevada. The last activity date on this account should be no greater than the filing date, 11/23/2009. However, this account is showing activity after the Bankruptcy filing date, which is causing this account to remain on my credit report longer than it should.

28. The Dispute Letter further requested that Defendant Equifax:

- Immediately delete this account and the disputed derogatory information from [Plaintiff's] credit report.

- The discharged debt should be reported with an account balance of $0 with a status of "current".

- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 11/23/2009, since a default on this account occurred no later than the Bankruptcy filing date.

- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.

- If [Defendant Equifax] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

29. Defendants were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

**COMPLAINT**

30. On or about October 1, 2014, Plaintiff received notification from Defendant Equifax that Defendants received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account as "currently reporting."

31. Defendants failed to conduct a reasonable investigation and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

32. Surprisingly, rather than remove the derogatory information from Plaintiff's report, Defendants simply left the derogatory information on Plaintiff's report.  Specifically, Defendants still reported inaccurate information for the following post-bankruptcy dates: 11/2010-04/2012 (6 - 180 or More Days Past Due).

33. This false information was and continues to be furnished by Defendants.

34. Plaintiff believes, and therefore alleges, that Defendants, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

35. Plaintiff believes, and therefore alleges, that Defendants failed to review all relevant information provided by Plaintiff in the dispute to Defendants, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

36. Due to Defendants' failure to reasonably investigate Plaintiff's dispute, Defendants further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing Defendants to report inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

**COMPLAINT**

37. Plaintiff's continued efforts to correct Defendants' erroneous and negative reporting of the Loan by communicating her dispute with Defendants was fruitless.

38. Defendants' continued inaccurate and negative reporting of the Loan in light of its knowledge of the actual error was willful.

39. Defendants' inaccurate and negative reporting damaged Plaintiff's creditworthiness.

40. By inaccurately reporting account information relating to the Loan after notice and confirmation of its errors, Defendants failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

41. Plaintiff seeks equitable damages, including correction or deletion of the subject trade line from Plaintiff's credit reports, along with money damages, both actual and statutory, in whatever amount a jury finds Defendants liable plus attorney fees, litigation costs and court costs, and the claims are otherwise within the jurisdiction of this Court.

///

///

///

///

///

**COMPLAINT**

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681 *ET SEQ*. (FCRA)**

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C §1681.

44. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

45. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

///

///

///

**COMPLAINT**

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ. (FCRA)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

## TRIAL BY JURY

46. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: December 4, 2014                    Respectfully submitted,

                                           BY: /S/ DANNY J. HOREN
                                               DANNY J. HOREN, ESQ.
                                               NV BAR NO. 13153
                                               KAZEROUNI LAW GROUP, APC
                                               ATTORNEYS FOR PLAINTIFF

COMPLAINT